UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MANUEL JESUS CHUQUI PAREDES, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ANTONE MONIZ, et al., ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. <br> 26-10335-FDS |

MEMORANDUM AND ORDER ON PETITION
FOR WRIT OF HABEAS CORPUS

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a non-citizen pending removal proceedings.[1] Petitioner Manuel Jesus Chuqui Paredes is a citizen of Ecuador who unlawfully entered the United States in 2021. He was apprehended by immigration authorities, issued a Notice to Appear in immigration court, and released on his own recognizance. On January 22, 2026, he was taken into ICE custody. Petitioner contends, among other claims, that his continued detention without a bond hearing violates 8 U.S.C. § 1226(a) and his Fifth Amendment rights. He seeks immediate release or, in the alternative, a constitutionally adequate bond hearing.

---

[1] The petition names Antone Moniz, Superintendent, Plymouth County Correctional Facility; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Kristi Noem, U.S. Secretary of Homeland Security; Sirce Owen, Acting Director, Executive Office for Immigration Review; and Pamela Bondi, U.S. Attorney General, as respondents. The Court notes that Moniz, as "the person who has custody over [the petitioner]," is the only possible proper respondent. 28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). The Court will therefore dismiss the claims against the other respondents.

I.     **Background**

Manuel Jesus Chuqui Paredes was born in Ecuador in 2003. (Pet. Writ Habeas Corpus ["Pet."] ¶ 31, Dkt. No. 1). On March 15, 2021, he unlawfully entered the United States. (*Id.* ¶ 32). He was apprehended by immigration authorities, served a Notice to Appear in immigration court, then released on his own recognizance. (*Id.*).

In January 2022, a Probate and Family Court in Massachusetts determined that he had been abandoned and neglected by his mother in Ecuador. (*Id.* ¶ 33). Based on that finding, he applied for Special Immigrant Juvenile status. (*Id.*). United States Citizenship and Immigration Services approved the petition and, in April 2023, granted Chuqui Paredes deferred action for four years. (*Id.* ¶ 34; *id.* Ex. 1). As a result of his Special Immigrant Juvenile status, his immigration court case was administratively closed. (*Id.* ¶ 36).

On January 22, 2026, ICE stopped Chuqui Paredes while he was driving to work in Maine and took him into custody. (*Id.* ¶ 37). The next day he was transferred to Plymouth County Correctional Facility in Plymouth, Massachusetts, where he remains detained. (*Id.* ¶ 39).

On January 24, 2026, he filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition contends that his detention without a bond hearing violates 8 U.S.C. § 1226(a) as well as his Fifth Amendment procedural and substantive due-process rights; that his warrantless stop without reasonable suspicion violates his Fourth Amendment right against unreasonable seizures; and that his warrantless arrest without probable cause of flight risk violates 8 U.S.C. § 1357(a)(2).[2]

---

[2] The petition further alleges that Chuqui Paredes is a member of the class certified in *Guerrero Orellana v. Moniz*, 2025 WL 3687757, *10 (D. Mass. Dec. 19, 2025). (Pet. ¶ 15). It is unclear what precise effect the declaratory judgment in that case has on this action. The Court need not resolve that question for these purposes because it independently determines that petitioner's continued detention without a bond hearing is unlawful.

On January 26, 2026, the Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court. (Order Concerning Stay Transfer or Removal 2, Dkt. No. 5). Respondents were further ordered to address whether, in light of this Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera et al. v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), petitioner here was entitled to the same relief. (*Id.* at 1).

On February 2, 2026, respondents answered the petition. They concede "that the legal issues presented in this Petition are similar to these recently addressed by this Court in *De Andrade*" and "[s]hould the Court follow its reasoning in [that case], it would reach the same result here." (Resp't's Resp. to Pet. 1, Dkt. No. 7).

**II.    Analysis**

In *De Andrade v. Moniz*, this Court explained that 8 U.S.C. "§ 1225 provides for mandatory detention for non-citizens who are 'applicants for admission' into the United States, while § 1226 provides for discretionary detention for non-citizens 'already present' in the United States." 2025 WL 2841844, at *4 (D. Mass. Oct. 7, 2025). Under a limited exception, "a non-citizen paroled into the country under § 1182(d)(5)(A) is still treated as an applicant for admission subject to the expedited removal process." *Id.* Otherwise, "one that has 'effected an entry into the United States' has constitutional protections." *Id.* (quoting *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)). As relevant here, "due process entitles a § 1226(a) detainee to a hearing in which the government must 'either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk.'" *Id.* (quoting *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021)).

3

Here, because petitioner is "already in" the country, his detention is governed by § 1226 rather than § 1225. He has lived in the United States since 2021. He was apparently not paroled into the United States under § 1182(d)(5)(A), and therefore the limited exception does not apply. Moreover, the government has not treated petitioner as an applicant for admission: Citizenship and Immigration Services granted him Special Immigrant Juvenile status and deferred action. *See, e.g.*, *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024) (holding that the award of Special Immigrant Juvenile status "converted [the petitioner] from being an arriving alien to an alien present in the United States"). The government cannot turn back time and do so now.

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, and those of hundreds of federal cases across the country, *see Martinez v. Hyde*, 2025 WL 3152847, at *1 (D. Mass. Nov. 12, 2025), petitioner cannot be detained under § 1225(b)(2). Because the government has not proffered an alternative authority for detention, to the extent that the government has such lawful authority, it must be under § 1226(a). Due process therefore requires that petitioner be granted a bond hearing in which the government bears the burden of proof. *See Hernandez-Lara*, 10 F.4th at 41; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1)) (explaining that "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention"). His continued detention without a bond hearing is "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). The Court will therefore grant his petition. Accordingly, at this stage, the Court does not reach petitioner's claims under the Fourth Amendment and 8 U.S.C. § 1357(a)(2).

### III.   Conclusion and Order

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241

5

is GRANTED.  Respondent Antonio Moniz is hereby ORDERED to either release petitioner or provide him a bond hearing no later than February 13, 2026.  The claims against respondents Todd Lyons, Kristi Noem, Sirce Owen, and Pamela Bondi are DISMISSED.

**So Ordered.**

Dated:  February 5, 2026

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Court Judge